T.C. Summary Opinion 2002-10

UNITED STATES TAX COURT

STEVEN M. AND KAREN ARHONTES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8621-00S.              Filed February 8, 2002.

Steven M. and Karen Arhontes, pro se.

<u>Henry C. Bonney, Jr.</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency of $10,973 in petitioners' Federal income tax for 1997 and an accuracy-related penalty under section 6662(a) of $2,194.60.

The issues for decision are: (1) Whether petitioners are entitled to reduce gross receipts by a cost of goods sold of $38,897 in connection with a trade or business activity of Steven M. Arhontes (petitioner) known as Spanky's Sports Cards (Spanky's); (2) whether petitioners are entitled to a deduction for car and truck expenses of $275 in connection with Spanky's; (3) whether petitioners are entitled to a $22 depreciation deduction in connection with Spanky's; and (4) whether petitioners are liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations in the amount of $2,194.60. The remaining adjustments in the notice of deficiency to petitioners' itemized deductions, self-employment taxes, and self-employment tax deduction are computational and will be resolved by the Court's holdings on the aforementioned issues.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Castro Valley, California.

During the year at issue, petitioners were both employed by Bay Area Rapid Transit (BART) at San Francisco, California;

petitioner as a train operator and his wife, Karen Arhontes, as an administrative analyst. Also during the year at issue, petitioner operated Spanky's, through which he bought and sold sports trading cards and various types of collectible memorabilia. Petitioner began operating Spanky's at a retail location in Dublin, California, during 1990. Sometime between the middle and end of 1992, petitioner closed that location and moved the operation into his personal residence because he was considering entering into a construction business with his brothers. Petitioner began his employment with BART in December 1994. He continued to operate Spanky's out of his home until he sold all of the remaining inventory and discontinued the business during 1997, the year at issue in this case. The operation of Spanky's was discontinued because petitioner had experienced a series of net losses in recent years and had been offered $9,875 for the purchase of the entire remaining inventory of Spanky's.

On their joint Federal income tax return for 1997, petitioners included a Schedule C, Profit or Loss From Business (Schedule C), in connection with Spanky's. On this Schedule C, petitioners reported $9,875 in gross receipts that they reduced by $38,897 in cost of goods sold, resulting in a negative gross income of $29,022. Petitioners also claimed Schedule C deductions for car and truck expenses of $275 and depreciation of $22, resulting in a reported net loss of $29,319.

In the notice of deficiency, respondent disallowed all of the claimed cost of goods sold and all of the claimed car and truck expenses and depreciation deductions for lack of substantiation.[2]  As a result of these adjustments, respondent made computational adjustments to petitioners' itemized deductions, self-employment taxes, and self-employment tax deduction for 1997.  Respondent also determined that petitioners were liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules and regulations in the amount of $2,194.60.

The first issue is whether petitioners are entitled to reduce gross receipts by a cost of goods sold of $38,897 in connection with Spanky's.  In order to compute the gross income of a Schedule C business, gross receipts are reduced by cost of goods sold.[3]  Sec. 1.61-3(a), Income Tax Regs.  Cost of goods sold is computed by subtracting the value of ending inventory (goods still on hand at the end of the year) from the sum of the opening inventory and purchases during the year.  Primo Pants Co. v. Commissioner, 78 T.C. 705, 723 (1982).  Any amount claimed as

---

[2]      Respondent made no adjustment to the $9,875 in gross receipts reported by petitioner.

[3]      Such costs are not treated as deductions and are not subject to the limitations on deductions contained in secs. 162 and 274.  Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987).  See infra discussion on pages 8 and 9.

cost of goods sold must be substantiated, and taxpayers are required to maintain records sufficient for this purpose.  Sec. 6001; Newman v. Commissioner, T.C. Memo. 2000-345; Wright v. Commissioner, T.C. Memo. 1993-27; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers generally bear the burden of proving entitlement to costs and deductions claimed.  Bennett Paper Corp. & Subs. v. Commissioner, 699 F.2d 450, 453 (8th Cir. 1983), affg. 78 T.C. 458 (1982).[4]  However, this Court may estimate costs and allowable deductions under certain circumstances where a taxpayer establishes entitlement to an allowable cost or deduction but does not establish the amount of the cost or deduction.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  Any such estimate, however, must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without

---

[4]     The Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726, added sec. 7491, which, under certain circumstances, places the burden of production on the Secretary with respect to a taxpayer's liability for taxes, penalties, and additions to tax in court proceedings arising in connection with examinations commencing after July 22, 1998.  The record is unclear as to whether the examination of petitioners' return commenced before or after July 22, 1998.  Nevertheless, the burden of proof with respect to the items of deficiency did not shift to respondent, because petitioners did not provide substantiation and credible evidence in connection therewith.  Higbee v. Commissioner, 116 T.C. 438 (2001).  Moreover, respondent has satisfied the burden of production with respect to the accuracy-related penalty under sec. 6662(a).

such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

On their Schedule C, petitioners reported a beginning inventory of $37,835, purchases during the year of $1,062, and an ending inventory of zero, resulting in a cost of goods sold of $38,897. Petitioners reported a zero ending inventory because they sold all of the inventory of Spanky's during the year at issue in the process of terminating the business.

In support of their claimed cost of goods sold, petitioners submitted various invoices and canceled checks referencing purported inventory purchases made during the years 1996 and 1997. In support of inventory purchases made prior to 1996, petitioners submitted their 1995 Schedule C filed for Spanky's, along with copies of an Internal Revenue Service (IRS) Income Tax Examination Changes, and a closing agreement from an IRS Appeals Officer in connection with an audit of petitioners' 1995 Federal income taxes (the 1995 audit documents). Petitioners contend that the information contained in the 1995 audit documents is tantamount to respondent's admission of the accuracy of petitioners' reported 1995 beginning inventory as well as some 1995 inventory purchases made in connection with Spanky's.[5]

---

[5] On their 1995 Schedule C filed in connection with Spanky's, petitioners reported a beginning inventory of $35,646, purchases of $7,920, ending inventory of $36,621, and cost of
(continued...)

Respondent disagrees with petitioners' assertion, claiming instead that the 1995 audit focused merely on purchases made during 1995 and made no determination with respect to the 1995 beginning inventory reported by petitioners.

Petitioners have failed to prove that, during the audit of their 1995 Federal income tax return, respondent audited and made determinations with respect to the beginning inventory reported in connection with Spanky's. However, on this record, the Court is satisfied that petitioners did have goods on hand when they sold Spanky's and, therefore, are entitled to reduce their 1997 gross receipts from Spanky's by some amount for cost of goods sold, even though petitioners failed to substantiate the exact amount claimed on their 1997 return. Therefore, pursuant to the so-called Cohan rule and the evidence submitted in this case, the Court holds that petitioners are entitled to reduce their Spanky's gross receipts by a cost of goods sold of $2,500 for 1997.

The second issue is whether petitioners are entitled to a deduction for car and truck expenses of $275 in connection with Spanky's. Petitioners claimed these expenses for mileage during

---

[5](...continued)
goods sold of $6,945. During the audit of petitioners' 1995 tax year, respondent disallowed the claimed $6,945 cost of goods sold. Petitioners agreed with this adjustment in the settlement with the Appeals Office.

1997; i.e., 873 miles at 31.5 cents per mile.  In the notice of deficiency, respondent disallowed the amount claimed.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  To qualify for the deduction, an expense must be both ordinary and necessary within the meaning of section 162(a).  Deputy v. duPont, 308 U.S. 488, 495 (1940).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deductions claimed.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Moreover, a taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. As stated previously, under certain circumstances where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court is allowed to estimate the amount allowable.  Cohan v. Commissioner, supra.  In the case of travel expenses, however, specifically including meals and lodging while away from home, as well as in the case of entertainment expenses and expenses with respect to "listed property", section 274(d) overrides the so-called Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Section

274(d) imposes stringent substantiation requirements for deductions related to travel, entertainment, gifts, and "listed property (as defined in section 280F(d)(4))". Passenger automobiles are listed property under section 280F(d)(4)(i). Section 274(d) denies these deductions unless:

> the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

Thus, under section 274(d), deductions for automobile expenses, travel expenses, and meals and entertainment expenses may not be estimated. Instead the taxpayer must provide adequate records or corroborate testimony with other evidence.

The limited amount of evidence submitted by petitioners in support of this item is insufficient to satisfy the strict substantiation requirements of section 274(d). Accordingly, on this record, the Court holds that petitioners are not entitled to deduct the $275 in car and truck expenses claimed on their 1997 Schedule C for Spanky's. Respondent is sustained on this issue.

The third issue is whether petitioners are entitled to a $22 Schedule C depreciation deduction. Section 167(a) allows

taxpayers a depreciation deduction for the exhaustion and wear and tear of property used in a trade or business or held for the production of income.  Property becomes depreciable beginning when it is placed in service.  Piggly Wiggly S., Inc., v. Commissioner, 84 T.C. 739, 745 (1985), affd. on another issue 803 F.2d 1572 (11th Cir. 1986); Clemente v. Commissioner, T.C. Memo. 1985-367; sec. 1.167(a)-10(b), Income Tax Regs.  Property is considered placed in service when it is ready and available for a specifically assigned function.  Piggly Wiggly S., Inc., v. Commissioner, supra; Williams v. Commissioner, T.C. Memo. 1987-308; sec. 1.167(a)-11(e)(1)(i), Income Tax Regs.

At trial, petitioners were unable to identify the asset for which they claimed the subject depreciation deduction.  Thus, petitioners failed to substantiate their entitlement to the claimed depreciation deduction.  Accordingly, the Court holds that petitioners are not entitled to a $22 depreciation deduction in connection with Spanky's.  Respondent is sustained on this issue.

The final issue for decision is whether petitioners are liable for the accuracy-related penalty, under section 6662(a), for negligence or disregard of rules or regulations in the amount of $2,194.60.  Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies.  Section 6662(b)(1)

provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations.

Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).

However, under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances of each particular case. Sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and reliance on the advice of a professional, such as an accountant. Drummond v. Commissioner, T.C. Memo. 1997-71. The most important factor is the extent of the taxpayer's effort to determine the taxpayer's proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. An honest misunderstanding of fact or law that is reasonable in

light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. Remy v. Commissioner, T.C. Memo. 1997-72.

In the notice of deficiency, respondent applied the section 6662(a) penalty to all adjustments for the year at issue. The underpayment resulted from respondent's total disallowance of petitioners' claimed cost of goods sold and deductions for car and truck expenses and depreciation in connection with Spanky's, as well as computational adjustments made in relation thereto.

As discussed above, petitioners are entitled to reduce their business gross receipts by a cost of goods sold of $2,500; however, respondent's disallowance of the car and truck expenses and depreciation deductions has been sustained. Petitioners' evidence fell short of what was required to allow the bulk of the claimed cost of goods sold or any of the claimed car and truck expenses and depreciation deductions. Furthermore, petitioners presented no evidence to show that they used due care in deducting the disputed items on their 1997 return that were subsequently adjusted in the notice of deficiency and sustained by this Court in favor of respondent, nor did petitioners present evidence to show that they had reasonable cause to deduct such items. Petitioners failed to maintain adequate books and records to support the majority of the costs and deductions claimed in connection with their business. Therefore, the Court finds that petitioners negligently or intentionally disregarded rules or

regulations with regard to the adjustments in the notice of deficiency that were sustained by this Court.  Accordingly, the accuracy-related penalty under section 6662(a) is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>